IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLAY RANDOLPH SHADLEY, #307249**                                **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 1:08cv83-HSO-JMR**

**BILOXI POLICE DEPARTMENT, et al.**                            **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

Before this Court is the Plaintiff's Response [33] filed October 29, 2008. On October 17, 2008, this Court entered an Order [32] directing Plaintiff to provide additional information concerning his claims against Defendants Lusk, Stewart, Johnson and Baldwin. In his Response [33], Plaintiff states that Defendant District Attorney Lusk is attempting to prosecute him without having any evidence or probable cause to support the criminal charges against him. Plaintiff further complains in his Response [33] that Defendant Stewart, a public defender, is ineffective in representing him in the pending criminal matter. As for Defendants Johnson and Baldwin, Plaintiff states in his Response [33] that they are private citizens who have filed a false criminal report against him and have also defamed him. Plaintiff's Response [33] includes an allegation that Defendants Johnson and Baldwin have entered a conspiracy "to convict [an] innocent person."

## I. ANALYSIS

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving Plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). This

Court finds that Plaintiff has stated at this stage of the screening process an arguable claim against Defendants Earl Grimes, R.O. Williams, Officer Wilding, Officer Moen, Officer Gruich, Officer Elliot, Detective Shoemaker, Supervisor Brumley, Officer Holmes, Officer Lauren Chinn and Officer Cathy Guthrie. However, as discussed below, Plaintiff cannot maintain this § 1983 civil action against Defendants Lusk, Stewart, Johnson, Baldwin and Biloxi Police Department.

A district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The allegations against Defendant District Attorney Lusk demonstrate that said Defendant was acting within his judicial discretion relating to prosecuting criminal charges against Plaintiff. Since there are no allegations establishing that Defendant District Attorney Lusk was acting beyond the scope of his prosecutorial authority, he is absolutely immune from liability and damages under these circumstances and therefore, Plaintiff cannot maintain this § 1983 action against this Defendant.

As for his claims against Defendant Stewart, it is clear that this Defendant is not a state actor. The mere fact that Defendant Stewart is a Public Defender representing Plaintiff in a criminal matter does not establish that he is a state actor. *See Polk County v. Dodson*, 454 U.S. 312 (1981)( A public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.). Consequently, under the allegations of the Response [33], Plaintiff cannot maintain this civil action filed pursuant to § 1983 against Defendant Stewart.

2

Additionally, this Court finds that Defendants Johnson and Baldwin are not state actors under the allegations presented by Plaintiff in his Response [33]. According to the Response [33], Defendant Baldwin encouraged Defendant Johnson to file a criminal complaint against Plaintiff which apparently was a basis for Plaintiff being arrested and charged with armed robbery. "Police reliance in making an arrest on information given by a private party does not make the private party a state actor." *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988)(citing *Hernandez v. Schwegmann Brothers Giant Supermarkets., Inc.*, 673 F.2d 771, 772 (5th Cir. 1982)). Hence, the mere fact that Defendant Johnson with the assistance of Defendant Baldwin filed a police report against Plaintiff does not result in Defendant Johnson becoming a state actor.

Moreover, the claim of a conspiracy between Defendants Johnson and Baldwin to file a criminal complaint against Plaintiff is conclusory and does not support such a claim. *See Hailey v. Savers,* 240 F. App'x 670, 2007 WL 2051983, at *673 (5th Cir. 2007) (citing *Rodriguez v. Nelley*, 169 F.3d 220, 222 (5th Cir. 1999); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990))(not selected for publication in Federal Reporter). Thus, Plaintiff has not established a conspiracy claim that can be pursued in this § 1983 civil action.

Additionally, Plaintiff's claim that Defendants Johnson and Baldwin have defamed him simply does not rise to the level of constitutional deprivation. The United States Supreme Court has held that an interest in reputation does not alone implicate a "liberty" or "property" interest sufficient to invoke due process

protection.  *Paul v. Davis*, 424 U.S. 693 (1976).  Therefore, Plaintiff cannot maintain this § 1983 claim against Defendants Johnson and Baldwin.

Plaintiff has also named the Biloxi Police Department as a Defendant.  As stated in the Order [8] entered on April 3, 2008, Plaintiff cannot maintain this civil action against Defendant Biloxi Police Department because it "is not a proper party defendant in this civil rights suit arising from the purported actions of the City's police officer."  *Parker v. Fort Worth Police Department*, 980 F.2d 1023 (5th Cir. 1993) (citing *Darby v. Pasadena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991)).  As directed, Plaintiff has amended his Complaint naming the police officers who allegedly violated his constitutional rights.  Therefore, Defendant Biloxi Police Department should be dismissed.

Finally, this Court finds that Plaintiff attempts to assert constitutional claims on behalf of his girlfriend, Rosemary Bascomb.  Because the constitutional rights of Rosemary Bascomb are personal in nature, Plaintiff cannot assert any claims on her behalf.  *See Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986).

## II.  CONCLUSION

As discussed above, Plaintiff cannot maintain this § 1983 civil action against Defendants Lusk, Stewart, Johnson, Baldwin and Biloxi Police Department.  Additionally, Plaintiff does not have standing to pursue § 1983 claims on behalf of Rosemary Bascomb.  Accordingly, it is

ORDERED AND ADJUDGED that Defendants Lusk, Stewart, Johnson, Baldwin and Biloxi Police Department are dismissed with prejudice as Defendants.

A separate order directing summons to issue for the remaining Defendants will be entered.

     IT IS, FURTHER, ORDERED AND ADJUDGED that the claims presented by Plaintiff on behalf of his girlfriend, Rosemary Bascomb, are dismissed without prejudice.

     SO ORDERED AND ADJUDGED, this the 10th day of November, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE