IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAY RANDOLPH SHADLEY                                  PLAINTIFF

VS.                                  CIVIL ACTION NO. 1:08CV83-RHW

BILOXI POLICE DEPARTMENT, ET AL                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant R. O. Williams' [106, 108] Motion for Summary Judgment and/or to Dismiss on the grounds of qualified immunity. Williams filed the motion on May 12, 2009. Plaintiff has not filed a response in opposition.

## FACTUAL BACKGROUND

In his 42 U.S.C. § 1983 complaint and amended complaint, Plaintiff Clay Randolph Shadley contends that he was the victim of "illegal and unlawful arrest" on multiple occasions. Only one of these incidents involved Defendant R. O. Williams. Plaintiff contends he was the victim of an "illegal and unlawful arrest" for the trespassing and burglary of a business that occurred on or about December 3, 2007. Plaintiff's vehicle allegedly ran out of gas near the Department of Motor Vehicles. Witnesses saw Plaintiff walking around and looking into a utility shed at the DMV. Later witnesses reported seeing him carrying a gas can. He was confronted by an officer at the DMV and questioned about the gas can. The Biloxi Police Department was called to the scene. Police took Plaintiff to the station, and Defendant Williams charged Plaintiff with burglary of a business. The charges for the burglary and trespassing were later dismissed in February or March. In his complaint Shadley alleged that Defendant Williams conducted an "illegal and wrongful arrest". Williams has filed a motion for summary judgment

based on qualified immunity.

## LAW AND ANALYSIS

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary Judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment." *Id*. at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must

2

rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

To the extent that plaintiff alleges that Defendant, acting in his official capacity, violated Plaintiff's constitutional rights, Plaintiff's claim fails. In order to establish liability against a police officer acting in his official capacity, Plaintiff must establish a municipal policy that caused deprivation of a recognized constitutional right. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992). Plaintiff has failed to allege an official policy or practice that caused the deprivation of his constitutional rights. Rather, Plaintiff has alleged a single, isolated, and brief encounter with Officer Williams during an arrest. Plaintiff's complaint, on its face, fails to allege that Officer Williams violated his constitutional rights in his official capacity.

With regard to Plaintiff's claim against Officer Williams in his individual capacity, a police officer may claim qualified immunity for his discretionary functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields a police officer from civil liability for discretionary functions if his actions were objectively reasonable in light of the clearly established legal rules at the time of the actions. *Id.*

Supreme Court cases addressing qualified immunity for police officers have placed less emphasis on clearly established law and greater emphasis on a reasonable officer's beliefs. In *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986), the Supreme Court analyzed the defendant officer's right to immunity in terms of whether a reasonable officer would understand probable cause was lacking. "Probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.' "

3

*Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir. 1998) (*quoting United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). When reasonable officers can disagree as to the legality of a particular action, the defendant is entitled to qualified immunity. *Id.*

Williams is entitled to qualified immunity for the arrest of the Plaintiff if a reasonable person in his position could have believed he had probable cause to arrest the Plaintiff for the crime of burglary of a business. The relevant inquiry is whether, when viewed in the light most favorable to the plaintiff, it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). Because qualified immunity has been deemed a pure question of law, the Supreme Court has directed lower courts to adjudicate qualified immunity claims on summary judgment. *Harlow*, 457 U.S. at 818.

The court finds as a matter of law that Officer Williams had probable cause to charge Plaintiff with burglary of a business. The fact that the charges were later dismissed does not render the arrest "illegal and unlawful". *See Piazza v. Mayne*, 23 F.Supp.2d 658, 662 (E.D.La. 1998). Further, Plaintiff has not alleged any proof or facts to show Officer Williams was acting in bad faith, had reason to know that Plaintiff should have not been arrested, or that Williams swore to any false information. Williams relied on the word and affidavits signed by the witnesses and officers on the scene to establish probable cause. The court finds as a matter of law that Plaintiff has not offered any genuine issue of material fact that Defendant Williams'

actions were "objectively unreasonable." *See Deville v. Marcantel*, 567 F.3d 156, 166-67 (5th Cir. 2009)(arresting officer entitled to qualified immunity because he made arrest relying on statements of another officer); *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008)(holding that mistake that is reasonably made as to probable cause justifies qualified immunity); *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753-54 (5th Cir. 2001)(holding that arresting officer's reliance on eyewitness account and identification is sufficient to establish probable cause for qualified immunity).

Plaintiff continually claims that the arrest was illegal and unlawful because there was no crime committed, and therefore he should not have been arrested. However, these conclusions offer no evidence that the officer did not act reasonably or acted without probable cause. Plaintiff has not alleged any direct acts or omissions by Williams to raise an issue of fact. Consequently, Williams is entitled to qualified immunity on Plaintiff's illegal and wrongful arrests claims and this court finds that defendant's summary judgment motion should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Williams's [106, 108] Motion for Summary Judgment and/or to Dismiss is GRANTED, and that Officer Williams is dismissed as a defendant from the lawsuit with prejudice.

SO ORDERED, this the 10th day of July, 2009.

                                            s/ *Robert H. Walker*
                                            UNITED STATES MAGISTRATE JUDGE