UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLAY RANDOLPH SHADLEY                                                  PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:08CV83-RHW

EARL GRIMES et al                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' [132] Motion for Summary Judgment filed on behalf of Earl Grimes, David Shoemaker, and Keith Wilding. The only remaining claims asserted by Plaintiff are his claims against these Defendants for false arrest and false imprisonment arising out of an armed robbery that allegedly occurred on December 1, 2007. All other claims and Defendants have been dismissed from the lawsuit

### Factual Background

On December 4, 2007, Defendant Grimes interviewed Kent Johnson, who stated that he was the victim of a crime committed by Plaintiff Clay Randolph Shadley. Johnson received medical treatment for injuries that he said occurred on December 1, 2007. Johnson told Defendant Grimes that on December 1st Shadley struck him about the head and upper body with a two-by-four causing him to fall to the ground. Shadley's girlfriend, Rosemary Bascomb then kicked Johnson in the ribs. Johnson further reported that Shadley and Bascomb took his bank card and threatened to continue hitting him unless he revealed the PIN number to his bank card. Johnson told Defendant Grimes that he gave them his PIN number out of fear. Johnson identified Bascomb and Shadley as the attackers. He stated that this was the second time that Bascomb and Shadley had taken his bank card. Defendant Grimes spoke with others at the

Health Department who knew Bascomb and Shadley and indicated that they were aware of similar behavior by Shadley and Bascomb.

Johnson displayed injuries that were visible to Grimes. These injuries were consistent with Johnson's description of the attack. Specifically, Grimes observed cuts, bruises, and lumps on Johnson's head. Grimes noted that Johnson had cuts on his nose and head, marks on his face, and knots on his head and left leg. Grimes also observed bruises on Johnson's rib cage area. Johnson's right arm was bandaged and his left arm was bruised and had a knot on it. Grimes spoke with the nurse in charge of the Health Department. She confirmed that Johnson had reported the same allegations regarding the source of his injuries. A companion of Johnson's at the Health Department confirmed Johnson's allegations as well.

On or about December 5, 2007, Grimes submitted an affidavit and underlying facts and circumstances to Justice Court Judge Albert Fountain requesting that an arrest warrant be issued for Shadley and Bascomb. Justice Court Judge Fountain found probable cause and issued an arrest warrant for Shadley. Defendant Wilding served the arrest warrant on December 5, 2007. At a preliminary hearing conducted on March 12, 2008, Justice Court Judge Gene Dedeaux also found probable cause and held Shadley over to await action of the Grand Jury. On September 18, 2008, the Harrison County Grand Jury returned an indictment against Shadley and Bascomb for armed robbery. Defendant Shoemaker, an investigator with the City of Biloxi Department of Police, testified before the Grand Jury regarding the armed robbery. The case proceeded to a trial and the jury found Shadley not guilty. This lawsuit ensued.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary Judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment." *Id*. at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

It is undisputed that Plaintiff was arrested pursuant to a facially valid arrest warrant

signed by a neutral magistrate; therefore, the Court finds that Defendants are insulated from liability. *See Malley v. Briggs*, 475 U.S. 335 (1986). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

In the alternative, the Court finds that probable cause existed for Defendants to arrest Shadley for armed robbery. To prevail on a § 1983 claim for false arrest or false imprisonment, Shadley must show that he was arrested without probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). "Probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.' " *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir. 1998) (*quoting United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). A law enforcement official who reasonably but mistakenly concludes that probable cause is present is entitled to immunity from liability. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

It is undisputed that the Defendants interviewed the alleged victim and others in connection with the investigation of Johnson's allegations that Shadley beat him and took his bank card and PIN number from him. The Defendants established probable cause to arrest Shadley based on Johnson's eyewitness account and positive identification of Shadley as the alleged perpetrator of a crime as well as corroborating facts and circumstances. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 753-54 (5th Cir. 2001). Although Shadley argues in his response to the motion that Johnson was not a credible witness and that the Defendants should have conducted a more thorough investigation, this does not preclude a finding of probable

cause. The Court finds that as a matter of law, Defendants presented sufficient facts gleaned from their investigation to justify their arrest of Shadley on the charge of armed robbery. This conclusion is further supported by the fact that Justice Court Judge Fountain made a finding of probable cause; Justice Court Judge Gene Dedeaux made a finding of probable cause at Shadley's preliminary hearing; and a Grand Jury returned an indictment against Shadley for armed robbery. The mere fact that Shadley later was found not guilty following a jury trial does not by itself support a cause of action for false arrest or false imprisonment. *See Morris*, 277 F.3d at 754 n.10 (5th Cir. 2001); *Howell v. Tanner*, 650 F.2d 610, 614-15 (5th Cir. 1981).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [132] Motion for Summary Judgment is GRANTED and Plaintiff's lawsuit is dismissed with prejudice.

SO ORDERED, this the 10th day of March, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE